## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DON GREEN, CHARLOTTE GREEN, and DANIEL P. ROEDER, | CASE NO. 8:13CV76 |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER |
| INTERSECURITIES, INC., | |
| Defendant. | |

This matter is before the Court on the Defendant's Motion to Dismiss Amended Complaint with Prejudice or, in the Alternative, Motion to Strike (Filing No. 7). For the reasons discussed below, the Motion will be granted in part, and the Plaintiffs will be given leave to move for permission to file a second amended complaint.

### FACTUAL AND PROCEDURAL HISTORY

The Plaintiffs' well-pled factual allegations in the Amended Complaint (Filing No. 1-3) are accepted as true for purposes of the pending Motion, although the Court need not accept the Plaintiffs' conclusions of law. The following is a summary of the factual allegations.

Plaintiffs Don W. Green and Charlotte Green, husband and wife (the "Greens"), and Plaintiff Daniel P. Roeder ("Roeder"), all residents of Nebraska, are unsophisticated investors with no knowledge or experience with securities. Defendant Intersecurities, Inc.[1] ("Intersecurities"), at all relevant times was a Delaware corporation[2] operating as a

---

[1] All parties acknowledge that the Defendant is now known as Transamerica Financial Advisors, Inc.

[2] The Defendant's status as a Delaware corporation is revealed in the Defendant's corporate disclosure statement at Filing No. 6.

registered broker-dealer with its principal place of business in Florida, and conducting business in Nebraska by and through its agent and registered representative, Audrey D. Cline ("Cline").

On or about April 28, 2008, Cline solicited the Greens to purchase an unregistered security, First Americans Insurance Services, Inc., and the Greens made purchases of that security totaling $220,000.00. In late June or early July 2008, Cline solicited Roeder to make purchases of the same security, and Roeder made a purchase of the security in the amount of $150,000.00. All Plaintiffs relied on Cline and her affiliation with Intersecurities when making the purchases.

Cline made material misrepresentations or omissions in the sale of the securities to the Plaintiffs, including (a) telling Plaintiffs that their principal investments would be safe, (b) telling Plaintiffs that their principal investments were guaranteed by an indexed annuity held as collateral by First Americans Insurance Services, Inc., (c) failing to provide Plaintiffs with a prospectus or memorandum detailing the investment risks, including the risk of loss of all principal, and (d) failing to disclose the material terms of the offering.

The securities purchased by the Plaintiffs were worthless at the time the Plaintiffs made their purchases and continue to be worthless, constituting a complete loss to the Plaintiffs.

Plaintiffs filed their action in the District Court of Buffalo County, Nebraska, presenting two theories of recovery against Intersecurites. First, Plaintiffs allege that Intersecurites, acting through Cline as its agent, was negligent. Second, Plaintiffs allege that Intersecurities was "a controlling person for the actions of Audrey Cline" and is subject

to control-person liability pursuant to Section 20(a) of the Securities and Exchange Act of 1934, 15 U.S.C § 78t(a).

Intersecurities removed the action to this Court, invoking the Court's original, supplemental, and diversity jurisdiction. (Notice of Removal, Filing No. 1 at ¶¶ 10-12.) Intersecurities now has moved to dismiss under Fed. R. Civ. P. 12(b)(6), asserting that the Plaintiffs have failed to state claims upon which relief can be granted. In the alternative, Intersecurities seeks to strike paragraphs 23, 24, and 30 of the Amended Complaint, pursuant to Fed. R. Civ. P. 12(f). Those paragraphs make reference to the Plaintiffs' judgments against Cline in United States bankruptcy court, and the Plaintiffs' prayer for rescission, interest, and attorney fees pursuant to Neb. Rev. Stat. § 8-1118(1) and (3) (Reissue 2007).

## STANDARDS OF REVIEW

### Fed. R. Civ. P. 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A]lthough a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Instead, the complaint must set forth 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 630 (citing *Twombly*, 550 U.S. at 570).

3

"'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). "Courts must accept . . . specific factual allegations as true but are not required to accept . . . legal conclusions." *Outdoor Cent., Inc. v. GreatLodge.com, Inc.,* 643 F.3d 1115, 1120 (8th Cir. 2011) (quoting *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010)). "A pleading that merely pleads 'labels and conclusions,' or a 'formulaic recitation' of the elements of a cause of action, or 'naked assertions' devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'" *Williams v. Hobbs*, 658 F.3d 842, 848 (8th Cir. 2011) (quoting *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009)).

When ruling on a defendant's motion to dismiss, a judge must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555 & 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The complaint, however, must still "include sufficient factual allegations to provide the grounds on which the claim rests." *Drobnak v. Andersen Corp.,* 561 F.3d 778, 783 (8th Cir. 2009).

"Two working principles underlie . . . *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

4

conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679 (citing *Twombly,* 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**Fed. R. Civ. P. 12(f)**

"The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

## DISCUSSION

**Negligence Claim**

Intersecurities argues that Plaintiffs have failed to establish in the Amended Complaint that Cline was an agent of Intersecurities or that she was acting in the course and scope of her employment at the time she allegedly solicited Plaintiffs to invest in First Americans Insurance Services, Inc. Intersecurities alleges in its brief that Cline was an independent contractor and, therefore, her negligence cannot be imputed to Intersecurities unless Intersecurities failed to exercise due care in selecting her or unless the duties she performed were nondelegable. (Def.'s Br., Filing No. 8 at 8.)

"[U]nder the respondeat superior doctrine the negligence of an agent is imputable to the principal[.]" *McCurry v. Sch. Dist. of Valley*, 496 N.W.2d 433, 439 (Neb. 1993). "[U]nless the person engaging the services of an independent contractor failed to exercise due care in selecting the contractor, or unless the duty to be performed in nondelegable,

5

the negligence of the contractor is not imputable to the person engaging the contractor." *Id*. "The determination of whether one is an independent contractor or an agent is one of fact." *Id.* "The common-law test for determining whether an independent contractor status exists includes the consideration and weighing of many factors, no one of which is conclusive." *Id*.

Plaintiffs have attached to their brief evidentiary materials in an effort to expand upon the factual allegations in their Amended Complaint and demonstrate Cline's status as an agent of Intersecurities. (Filing No. 11 at 13-23.) The Court will not convert the Motion to Dismiss into a Motion for Summary Judgment under Fed. R. Civ. P. 12(d). Instead, the Court accepts the allegations in the Amended Complaint as sufficient under Fed. R. Civ. P. 8 to state a claim of negligence against Intersecurities upon which relief could be granted.

**Control-Person Liability**

Intersecurities argues that Plaintiffs have failed to allege a primary violation of the federal securities laws by Cline that would support a claim for control person liability under Section 20(a) of the Securities and Exchange Act of 1934. In response, the Plaintiffs state that they intended to present their claim under the Nebraska Securities Act, Neb Rev. Stat. § 8-1118(3), and not the Securities and Exchange Act of 1934.

The Plaintiffs' claim presented under Section 20(a) of the Securities and Exchange Act of 1934 will be dismissed. The Plaintiffs will be allowed to seek leave to file a second amended complaint to assert their claim under the Nebraska Securities Act. *See* Fed. R. Civ. P. 15(a)(2); NECivR 15.1.

6

**Motions to Strike**

Intersecurities argues that Plaintiffs' allegations regarding their judgments against Cline in bankruptcy court, and their claim for rescission, interest, and attorney fees, are immaterial and impertinent, and should be stricken under Fed. R. Civ. P. 12(f).

The Court's power to strike any immaterial or impertinent matter from a pleading is discretionary, and the Court will not exercise that discretion in this instance. Leave will be granted to the Plaintiffs to file a second amended complaint, and the pertinence of their request for rescission, interest, and attorney fees may be apparent when they have framed their proposed claim under the Nebraska Securities Act.

Accordingly,

IT IS ORDERED:

1. The Defendant Intersecurities, Inc.'s Motion to Dismiss Amended Complaint with Prejudice or, in the Alternative, Motion to Strike (Filing No. 7) is granted in part, as follows:

> The Plaintiffs' claim under Section 20(a) of the Securities and Exchange Act of 1934, 15 U.S.C § 78t(a), is dismissed, with prejudice;

2. The Defendant's Motion is otherwise denied;

3. The Plaintiffs Don Green, Charlotte Green, and Daniel P. Roeder may, in accordance with NECivR 15.1, seek leave to file a second amended complaint for the limited purpose of adding a claim under the Nebraska Securities Act on or before July 31, 2013; and

7

4.      If the Plaintiffs do not seek leave to file a second amended complaint on or before July 31, 2013, the Defendant will respond to the Amended Complaint on or before August 16, 2013.

.

DATED this 12th day of July, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge